AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| SAMUEL D. MATTHEWS | CASE NUMBER: 8:07-mj - 1236-MSS |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about May 17, 2007, in Hillsborough County, in the Middle District of Florida, defendant did,

attempt to produce child pornography

in violation of Title 18, United States Code, Sections 2251(a) and 2. I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Signature of Complainant
Daniel M. Sirmons
Special Agent - FBI

Sworn to before me and subscribed in my presence,

May 18, 2007   6:00 pm   at   Tampa, Florida

MARY S. SCRIVEN
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## **AFFIDAVIT**

I, Daniel M. Sirmons, hereinafter referred to Affiant, being sworn to tell the truth, state the following information:

1. Affiant is a Special Agent of the Federal Bureau of Investigation (FBI) and has been so employed since February 21, 1995. Affiant investigated sexual exploitation of children for the FBI during 1997 while assigned to a Crimes Against Children Squad. Affiant also investigated the sexual exploitation of children from 1999 until 2002 while assigned to the FBI Innocent Images Task Force. Affiant was assigned to investigate Cyber Crimes on May 15, 2006 to the present.

2. As a Special Agent of the FBI, Affiant is authorized to investigate violations of laws of the United States, and Affiant is a Federal law enforcement officer with authority to execute arrest and search warrants issued under the authority of the United States. Affiant has participated in and conducted investigations involving child pornography and in the execution of search warrants involving searches and seizures of computers, computer equipment, software, computer media, and other electronically stored information.

3. The statements contained in this affidavit are based on personal knowledge or information provided by other law enforcement officers. This affidavit is being submitted for the limited purpose of supporting a probable cause arrest. Affiant has not included each and every fact known concerning this investigation. Rather, only the facts necessary to establish probable cause will be included.

## STATUTORY AUTHORITY

4.  This investigation concerns alleged violations of Title 18, United States Code, Section 2251, Sexual Exploitation of Children:

Title 18, United States Code, Section 2251(a) provides that any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or has a minor assist any other person to engage in, or who transports any minor in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed.

## DEFINITIONS

5.  The following definitions apply to this Affidavit:

a.  "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

b.  "Child Pornography," as used herein, includes the definitions in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (A) the production of the visual depiction involves the use of a minor engaged in sexually

explicit conduct, (B) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (C) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct). "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

        d.      "Sexually explicit conduct" means actual or simulated (I) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any persons. See 18 U.S.C. § 2256(2)A.

## BACKGROUND OF THE INVESTIGATION

6.     On May 9, 2007, FBI Innocent Images Task Force Agent (TFA) Margaret Grow was contacted by Federal Probation Officer (PO) Jonathan Lopez and was advised that SAMUEL MATTHEWS, a registered sex offender still on federal supervised release, was soliciting people to take nude images of a child in lewd positions. TFA Grow met with representatives of the Pinellas County Sheriff's Office Sexual Predator Offender Tracking Unit, the Federal Probation Office, and Freddie Harvey, a registered sexual offender. Freddie Harvey advised that SAMUEL MATTHEWS had solicited him to find a young "flat chested" female child for MATTHEWS to take pictures of. Consensual monitored telephone calls were conducted between Freddie Harvey and SAMUEL MATTHEWS, during which Freddie

Harvey advised SAMUEL MATTHEWS that he had located a female with a young child who would allow pictures to be taken of the child. SAMUEL MATTHEWS inquired as to the age of the child and was told by Freddie Harvey that the child was "11 years old." SAMUEL MATTHEWS expressed interest in sexually explicit photos of the child, including photographs of the child's genitalia.

7. Later on May 9, 2007, SAMUEL MATTHEWS met with Freddie Harvey in person while Harvey was equipped with a electronic listening device that was monitored by TFA Grow. SAMUEL MATTHEWS discussed with Freddie Harvey arranging to meet with TFA Grow and to take pictures of her 11-year-old daughter. During the meeting, Freddie Harvey gave SAMUEL MATTHEWS a post-it note on which TFA Grow's phone number had been written so that SAMUEL MATTHEWS could contact her directly. TFA Grow was to act in an undercover capacity as the mother of the child.

8. Later still on May 9, 2007, SAMUEL MATTHEWS called TFA Grow at the phone number provided to him by Freddie Harvey. During the telephone conversation, SAMUEL MATTHEWS discussed with TFA Grow the possibility of taking photos of her child, and he asked about them going to Busch Gardens. SAMUEL MATTHEWS also asked TFA Grow how much she would charge for the photographs. SAMUEL MATTHEWS told TFA Grow that he knew of someone who had taken photographs of a child, was arrested two days later, and got 30 years in prison. SAMUEL MATTHEWS asked TFA Grow to mail him some photographs of the child. TFA Grow asked SAMUEL MATTHEWS whether he wanted nude photographs, and he stated that he did not want nude photographs, but rather clothed photographs. SAMUEL MATTHEWS

then provided his full name and correct mailing address, and TFA Grow said that she would mail the requested photographs.

9. PO Lopez provided TFA Grow with photographs of a female law enforcement officer when she was 10 or 11 years old. TFA Grow made copies of the photographs for the investigative file, and she sent the photographs to SAMUEL MATTHEWS, via United States mail, at the address he had provided.

10. On May 10, 2007, SAMUEL MATTHEWS called TFA Grow three times within a two and one-half hour time period. On the third occasion, SAMUEL MATTHEWS left a voicemail message for TFA Grow and asked her to return his phone call.

11. On May 11, 2007, TFA Grow returned SAMUEL MATTHEWS telephone call of the previous day. SAMUEL MATTHEWS asked TFA Grow what size clothes her daughter wears, specifically whether her daughter wears a size 6. When TFA Grow asked SAMUEL MATTHEWS why he wanted to know the child's sizes, SAMUEL MATTHEWS stated that he wanted to buy clothing and hair accessories for the child to wear during some of the photographs to be taken. SAMUEL MATTHEWS also asked TFA Grow if she had mailed the photographs of her daughter, and TFA Grow said that she had mailed them. SAMUEL MATTHEWS added that he had hoped to catch TFA Grow before she had mailed the photographs because he had reconsidered his position on nude photographs of the child and now he wanted a nude photograph.

12. On May 14, 2007, SAMUEL MATTHEWS made two phone calls to TFA Grow, and on the second occasion he left a voicemail message for TFA Grow in which he stated that he had received that photographs that she had mailed. SAMUEL

MATTHEWS said that he hoped to "see you soon" and asked TFA Grow to return his phone call.

13.     Later on May 14, 2007, TFA Grow returned SAMUEL MATTHEWS' telephone call of earlier the same day. SAMUEL MATTHEWS and TFA Grow discussed when they would meet in person. SAMUEL MATTHEWS indicated that he could not meet TFA Grow on Tuesday, May 15, 2007, but that he could meet her on either Wednesday, May 16, 2007, or Friday, May 18, 2007. TFA Grow suggested that they meet on Wednesday, May 16, 2007. SAMUEL MATTHEWS asked for more photographs of TFA Grow's daughter. TFA Grow told SAMUEL MATTHEWS that she did not have a digital camera, and SAMUEL MATTHEWS responded that he had a digital camera that could bring to her. SAMUEL MATTHEWS asked TFA Grow if she was going to bring her daughter to their meeting, and TFA Grow said that she would not bring her daughter to their first meeting because she was nervous about SAMUEL MATTHEWS' story about the man who had gotten 30 years in prison for taking pictures of a child. TFA Grow further told SAMUEL MATTHEWS that she would be upset if there was any "penetration." SAMUEL MATTHEWS responded that nothing like that would happen. When TFA Grow asked if they were just talking about "close-up" pictures of "her pussy" and stuff like that, SAMUEL MATTHEWS responded in the affirmative. SAMUEL MATTHEWS told TFA Grow to call him on Wednesday morning, May 16, 2007, to remind him of their meeting and that he would call TFA Grow when he was on his way to meet her.

14. On May 16, 2007, TFA Grow called SAMUEL MATTHEWS and told him that due to a death in the family, she would be out of town and unable to meet with him that evening as planned.

15. On May 17, 2006, Freddie Harvey told Probation Officer (PO) Troy Elenz that SAMUEL MATTHEWS had contacted him the day before, had asked for directions to TFA Grow's residence, and had stated that he had free time over the upcoming weekend and wanted to go to TFA Grow's residence and check it out.

16. Late in the evening on May 17, 2006, Freddie Harvey made a controlled, recorded telephone call to SAMUEL MATTHEWS. Freddie Harvey told SAMUEL MATTHEWS that he had received a phone call from TFA Grow, and that TFA Grow had said that she had returned to town early, that she was experiencing financial difficulties, and that she could be kicked out of her residence. Freddie Harvey added that TFA Grow had said that she was willing to meet SAMUEL MATTHEWS and that she would bring her daughter with her. SAMUEL MATTHEWS noted that it was very late and asked if they could meet the following evening. Freddie Harvey said that a meeting the next evening was a possibility, but that TFA Grow was willing to meet him at a McDonald's in Brandon, Florida, that evening and that she would bring her daughter. SAMUEL MATTHEWS then asked Freddie Harvey where he was then located and told Freddie Harvey that he would pick him up in 30 minutes.

17. About one-half hour later, SAMUEL MATTHEWS picked Freddie Harvey up in his 1992 red Ford F-150 pick-up truck. Freddie Harvey was equipped with a body recording device at the time. SAMUEL MATTHEWS and Freddie Harvey then endeavored to reach the McDonald's located at 10019 Adamo Drive, Tampa, Florida, in

the Brandon area, in SAMUEL MATTHEWS' vehicle. SAMUEL MATTHEWS drove around for approximately 2 hours, while he and Freddie Harvey argued about how to get to the McDonald's. At about 11:45 p.m., FBI Supervisory Special Agent Stacy Arruda, posing as TFA Grow/the mother of the 11-year-old female child, made a phone call to Freddie Harvey's cellular telephone to provide him with directions to the McDonald's.

18. At approximately 12:30 a.m. on Friday, May 18, 2007, SAMUEL MATTHEWS and Freddie Harvey, still traveling in SAMUEL MATTHEWS' 1992 red Ford F-150 pick-up truck, were observed heading eastbound on Adamo Drive toward the McDonald's. At approximately 12:35 a.m., SAMUEL MATTHEWS pulled into a parking space on the east side of the McDonald's parking lot. Members of the FBI Innocent Images Task Force, with the assistance of the Hillsborough County Sheriff's Office, converged on the vehicle and placed SAMUEL MATTHEWS under arrest.

19. A search of SAMUEL MATTHEWS' vehicle performed incident to his arrest yielded, among other things, five (5) cameras, a book about how to photograph children, and a pair of panties and a top for a female child. The search also yielded the envelope addressed to SAMUEL MATTHEWS, containing the photographs of the female law enforcement officer when she was 10 or 11 years old, which photographs TFA Grow had mailed to SAMUEL MATTHEWS earlier in the week.

20. At least two, if not more, of the digital cameras found in SAMUEL MATTHEWS' vehicle, that is, two Kodak digital cameras, were manufactured outside of the United States and, thus, traveled in interstate and/or foreign commerce before coming into SAMUEL MATTHEWS' possession. Further, in discussing the production

of child pornography with TFA Grow, SAMUEL MATTHEWS used a facility of interstate commerce, to wit, a telephone.

## CONCLUSION

Based upon the foregoing, your Affiant submits that there is probable cause to believe that SAMUEL MATTHEWS has committed the offense of attempt to produce child pornography, in violation of Title 18, United States Code, Sections 2251(a) and 2.

WHEREFORE, I respectfully request that the Court authorize the arrest of SAMUEL MATTHEWS.

This completes my affidavit.

*[signature]*
DANIEL M. SIRMONS
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 18 day of May, 2007.

*[signature]*
HONORABLE MARY S. SCRIVEN
United States Magistrate Judge