UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

SAMUEL DARRYL MATTHEWS

CASE NO.  8:07-cr-00247-T-?
18 U.S.C. § 2251(a), (e)
18 U.S.C. § 2253

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From on or about May 9, 2007, through on or about May 18, 2007, in Hillsborough and Pinellas Counties, in the Middle District of Florida,

SAMUEL DARRYL MATTHEWS,

defendant herein, did knowingly and willfully attempt to employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, using materials that had been mailed, shipped, and transported in interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a), 2251(e), and 2.

### FORFEITURES

1.  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2253.

2. From his engagement in violations alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 2251, the defendant,

SAMUEL DARRYL MATTHEWS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his right, title, and interest in:

   a. any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 through 2258;

   b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

   c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

3. Specific property to be forfeited includes, but is not limited to:

   a. One Kodak Easyshare Z710 digital camera, serial number KCXGG71006901, with case, USB and power cord;

   b. One X Digital one-gigabyte memory card, serial number 8381000AAN0B, 710706400000;

   c. One Kodak Easyshare C633 digital camera, serial number KCGGLC3974260;

   d. One Impact one-gigabyte memory card, serial number 50110635L166, 31042-1GBPSA, 3506P, "made in Taiwan";

   e. One Innovage mini digital camera, "made in China", with software and cords in accompanying case;

   f. One Polaroid OneStep Closeup camera; and

   g. One Memorex CD-R.

2

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL,

_____
Foreperson

JAMES R. KLINDT
Acting United States Attorney

By: _____
RACHELLE DESVAUX BEDKE
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Tampa Criminal Division

3