UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA      :
                              :
v.                            : CASE No. 8:07-CR-247-T-26TGW
                              :
SAMUEL DARRYL MATTHEWS        :
                              :

PRE-TRIAL DISCOVERY ORDER AND
NOTICE OF TRIAL AND STATUS CONFERENCE

The purpose of this Order is to greatly reduce, if not entirely eliminate, those standard discovery motions that are routinely filed in criminal cases without regard to the facts of a particular case. Those form motions have been considered numerous times by the court, and the rulings thereon have become established. The routine filing of the motions results in a substantial expenditure of time by the parties and the court. This Order adopts the established rulings on the motions and thereby eliminates the time wasted in filing, responding to, and disposing of those motions.

I. Rule 16 Discovery

In accordance with Rule 16(a)(1), F.R.Cr.P., which is designed to operate without court intervention, the Government shall disclose to the defendant, upon request by the defendant to the Government (and not to the court), the defendant's statement[s], any prior record, documents and tangible objects, reports of examinations and tests, and expert

witness information as defined in Rule 16(a)(1)(A)-(G). Disclosure shall begin upon request and shall be completed by **July 9, 2007**.

The Government's obligation under the foregoing paragraph is to provide the fullest disclosure contemplated by Rule 16(a)(1). Accordingly, the court will not consider other motions which purport to be based on Rule 16, but which request items not specified in that rule. A party may, however, submit to the court any dispute arising with respect to specific materials that are within Rule 16's coverage.

If the defendant requests disclosure of documents and tangible objects, pursuant to Rule 16(a)(1)(E), and the Government complies, the defendant shall disclose to the Government, upon its request, documents and tangible objects, in accordance with Rule 16(b)(1)(A). If the defendant requests disclosure of reports of examinations and tests pursuant to Rule 16(a)(1)(F), and the Government complies, the defendant shall disclose to the Government, upon its request, reports of examinations and tests in accordance with Rule 16(b)(1)(B). If the defendant requests disclosure of expert witness information pursuant to Rule 16(a)(1)(G), and the Government complies, the defendant shall disclose to the Government, upon its request, the expert witness information specified in Rule 16(b)(1)( c). The defendant shall make any such disclosure by **July 16, 2007**, or within 15 days after the serving of the request, whichever is later. In connection with the defendant's obligation under Rule 16(b), the defendant's request for disclosure shall be considered to include a request for disclosure pursuant to Rule 16(a)(1)(E), (F), and (G) unless the request expressly indicates otherwise.

## II. Exculpatory Material

The Government shall, of course, comply with its obligation under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and subsequent cases to disclose evidence that is favorable to the defendant on issues of guilt or punishment. The defendant may make a specific request of the Government for disclosure of favorable information, but the request shall not be filed with the court. In considering its obligation to disclose favorable evidence, the Government shall give specific attention to the requests. In addition, the Government shall disclose the criminal record of any Government witness whose credibility may be an issue at trial, and any additional information which may be used for impeachment under the Federal Rules of Evidence of a witness whose credibility may be an issue at trial. Specifically, the Government shall disclose the existence and substance of any promises, immunity, leniency or preferential treatment offered to a witness by the Government. The Government shall also make available any written application to the court for immunity of a witness in this case and any order issued in response to that application, but need not disclose papers generated at earlier stages of the immunity process.

No further relief will be entered on any of the typical motions filed pursuant to <u>Brady</u> and subsequent cases, which, significantly, do not establish discovery procedures. The defendant, however, may seek relief with respect to a specific dispute concerning the disclosure of favorable evidence.

Information which is to be disclosed under this section shall be provided at an appropriate time, but, in any event, must be provided no later than three (3) days prior to trial, unless 18 U.S.C. 3500 or Rule 26.2, F.R.Cr.P., pertains.

### III. Additional Obligations of the Government

In addition to the foregoing, the Government is also subject to the following requirements:

1. All law enforcement officers involved in this case shall retain any rough notes, recordings, reports and statements pertaining to this case which are currently in existence. Other Government employees, including attorneys, are not required to retain their working papers.

2. The Government shall not destroy any evidence in this case without giving 10-days notice to defense counsel. If there is any objection filed to the proposed destruction, the Government shall not destroy the evidence without first having obtained the court's approval to do so.

3. The Government shall provide to the defendant, no later than 10 days prior to trial, a list stating the general nature of any similar acts it intends to use in any manner against the defendant pursuant to Rule 404(b), F.R.E.

4. The Government shall provide to the defendant, no later than 10 days prior to trial, the names of any unindicted co-conspirators whose statements will be offered against the defendant in its case-in-chief pursuant to Rule 801(d)(2)(E), F.R.E.

5. The Government shall state, no later than **July 9, 2007**, whether electronic surveillance of any kind, or a mail cover, was used in this case. If the answer is in the affirmative, the Government shall state the nature of the surveillance and its duration.

      6.      The Government shall state, no later than **July 9, 2007**, whether any confidential informant was used in this case.

No further relief will be afforded on any of the typical motions involving the foregoing matters.

### IV. Discovery Available Only Upon An Appropriate Showing

There are certain motions filed in connection with pre-trial discovery that may be granted upon a proper showing. These include the following:

    1.    Motions for witness lists, or exhibit lists

    2.    Motions for disclosure of confidential informants

    3.    Motions to interview prospective witnesses

    4.    Motions for transcription of grand jury proceedings, and production of the transcripts and other information relating to the grand jury proceedings

    5.    Motions for pre-trial depositions pursuant to Rule 15, F.R.Cr.P.

Typically, the form motions filed with respect to these, and similar, matters undertake no meaningful attempt to make the appropriate showing and frequently do not even mention the facts of the case. Accordingly, any motion in this category that does not try to make the proper showing will simply be stamped "DENIED."

### V. Matters Outside Intended Scope of Court-Ordered Discovery

Certain of the common discovery motions provide no basis for the requested court-ordered relief. These motions and the reasons they are denied are as follows:

1. Motions for early disclosure of witness statements. Relief on these motions is not only without support, it is expressly prohibited by the Jencks Act, 18 U.S.C. 3500, and Rule 26.2, F.R.Cr.P.

2. Motions for non-witness statements. There is no basis for production of these statements, except, occasionally, under Rule 16(a)(1) or Brady v. Maryland, supra. Those circumstances are covered by Sections I and II of this Order, and, thus, there is no support for any further relief.

3. Motions for the Government to disclose its intention to use potentially suppressible evidence. These motions purport to be based on what is now Rule 12(b)(4), F.R.Cr.P. That rule, however, neither requires the Government to state its intentions, nor provides for a judicial role in the request process.

4. Motions for disclosure under what is now Rule 807, F.R.E. This rule of evidence does not create any discovery procedure.

5. Motions for discovery under Rule 41, F.R.Cr.P. This rule also does not establish a discovery procedure.

For these reasons, the court will not entertain any of the foregoing motions.

## VI. Procedures and Related Matters

A. Consistent with Rule 16(c), F.R.Cr.P., it is the continuing duty of both sides to promptly disclose to the opposing side all newly-discovered material which is within the scope of the disclosure portions of this Order.

B. As indicated, the purpose of this Order is to eliminate the time wasted in the filing, and disposition, of form discovery motions. Accordingly, motions covered by Sections I, II, III, and V shall not be filed. If any such motion is submitted, it is subject to being returned, or stamped "DENIED." Further, those "shotgun"-type discovery motions

that contain numerous requests will be subject to the same action if the requests are substantially covered.

The Government, accordingly, need not respond to any motions that appear to be covered by this Order. If it is determined upon review that the motion is not covered and that a response is warranted, the Government will be directed to file a response.

C. The parties shall have until **July 16, 2007**, to file pre-trial motions in this case. In accordance with Local Rule 3.01(b), the opposing party shall have 10 days to respond. Except as provided in Section VI B, a failure to file a response to a motion will permit the court to assume that the motion is unopposed.

D. Before filing any motion relating to pre-trial discovery, which includes a motion for a bill of particulars, the moving party shall confer with the opposing party in a good faith attempt to resolve the issues raised, and shall file with the court at the time of filing of the motion a separate statement certifying that he or she has conferred with the opposing party and that the parties have been unable to resolve the dispute. The court will deny without prejudice any discovery motion that does not contain such a statement.

VII. Notice of Trial Date and Status Conference

This case is set for trial before the Honorable **Richard A. Lazzara**, United States District Judge, in Courtroom **15B**, 801 N. Florida Avenue, Sam M. Gibbons' United States Courthouse, Tampa, FL, as follows:

TRIAL:  The weeks commencing **August 6, 2007**.

STATUS:  **July 12, 2007**, at **9:00 A.M.**

After the **first day** of the Trial Term, all counsel shall be available and ready for the trial upon **24 hours** notice.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 28 day of June, 2007.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE