UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,          :
                                   :
    Plaintiff,                     :
                                   :
v.                                 :          Case No. 8:07-cr-247-T-26TGW
                                   :
SAMUEL DARRYL MATTHEWS, :
                                   :
    Defendant.                     :
_____ :

**MEMORANDUM OF UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned Assistant United

States Attorney for the Middle District of Florida, submits this memorandum in

conjunction with the proposed special verdict and forfeiture instructions.[1]  In the event

that defendant Samuel Darryl Matthews is convicted Count One of the Indictment, **and**

**if the defendant requests a jury determination on the forfeiture pursuant to**

**Federal Rule of Criminal Procedure 32.2(b)(4),** this memorandum outlines the

procedure the government proposes to take should the defendant request such jury

determination.

Count One charges defendant Samual Darryl Matthews with knowingly and

willfully attempting to employ, use, persuade, induce, entice, and coerce a minor to

engage in sexually explicit conduct for the purpose of producing a visual depiction of

such conduct, using materials that had been mailed, shipped, and transported in

---

[1] "Subdivision (b)(4) addresses the right of *either* party in a case where a jury has returned a
guilty verdict, to request that the jury be retained to hear additional evidence regarding the forfeitability of
the property.  Fed. R. Crim. P. 32.2(b)(4), *Advisory Committee Notes*, 2000 Adoption (2003). The United
States will not make such a request in this case.

interstate and foreign commerce by any means in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2.  As a result of such violations, the United States is seeking forfeiture of the following:

      a.    One Kodak Easyshare Z710 digital camera, serial number KCXGG71006901, with case, USB and power cord;

      b.    One X Digital one-gigabyte memory card, serial number 8381000AAN0B, 710706400000;

      c.    One Kodak Easyshare C633 digital camera, serial number KCGGLC3974260;

      d.    One Impact one-gigabyte memory card, serial number 50110635L166, 31042-1GBPSA, 3506P, "made in Taiwan";

      e.    One Innovage mini digital camera, "made in China", with software and cords in accompanying case;

      f.    One Polaroid OneStep Closeup camera; and

      g.    One Memorex CD-R.

## I.    <u>Applicable Statute</u>

The Court's jurisdiction is founded on 18 U.S.C. § 2253(a) which  in pertinent part provides as follows:

> **Property subject to criminal forfeiture**. –   A person who is convicted of an offense under this chapter [18 U.S.C.A. § 2251 et seq.] . . . or who is convicted of an offense under section 2421, 2422, or 2423 of chapter 117       [18 U.S.C.A. § 2421 et seq.], shall forfeit to the United States such person's interest in –
>
> > (1)    any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2252 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 through 2258;

**United States' Memorandum of Law Concerning Forfeiture Special Verdict - Page 2**

(2)      any property, real or personal, constituting or traceable to
         gross profits or other proceeds obtained from such offense;
         and

(3)      any property, real or personal, used or intended to be used
         to commit or to promote the commission of such offense or
         any property traceable to such property.

18 U.S.C. § 2253(a).

## II.      Forfeiture Proceeding

There is no constitutional right to a jury determination of the forfeiture of property.

*See United States v. Libretti*, 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as

an aspect of sentencing compels the conclusion that the right to a jury verdict on

forfeitability does not fall within the Sixth Amendment's constitutional protection").[2]  The

only right to a jury trial is created in Federal Rule of Criminal Procedure 32.2(b)(4).  *See*

*United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002)

(notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue

inappropriate, Rule 32.2(b)(4) gives the defendant the right to have the jury determine

the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).  As

noted above, the plain language of Rule 32.2(b)(4) seems to limit the role of the jury to

determining the forfeitability of specific assets. *See* Rule 32.2(b)(4) ("the jury must

determine whether the Government has established the ***requisite nexus between the***

---

[2]  The post-*Libretti* changes to federal sentencing law do not impact forfeiture.  *See United States v. Booker*, 125 S.Ct. 738, 764 (2005) (18 U.S.C. § 3554, the provision in the Sentencing Reform Act which requires the district court to enter an order of criminal forfeiture at sentencing, is "perfectly valid").  This is so because *Booker* "prohibits a judicial increase in punishment beyond a previously specified range; in criminal forfeiture, there is no previously specified range."  *See United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005).  Pre-*Booker*, the Eleventh Circuit has held that forfeiture need only be proved by a preponderance and was outside *Apprendi* analysis.  *United States v. Cabeza*, 258 F.3d 1256, 1257 (11th Cir. 2001) (per curiam) ("Because forfeiture is a punishment and not an element of the offense, it does not fall within the reach of *Apprendi*.").

**United States' Memorandum of Law Concerning Forfeiture Special Verdict - Page 3**

*property and the offense*") (emphasis added).          However, either the government

or the defendant may request a jury determination on forfeiture pursuant to Fed. R.

Crim. P. 32.2(b)(4), which provides as follows:

> Upon a party's request in a case in which a jury returns a
> verdict of guilty, the jury must determine ***whether the
> government has established the requisite nexus
> between the property and the offense*** committed by the
> defendant.

Fed. R. Crim. P. 32.2(b)(4) (emphasis added).

If a jury verdict is requested, it is the jury's function to decide whether the

government has proved the elements necessary for the Court to declare the property

forfeited.  It is no longer necessary for the jury to determine the extent of the

defendant's interest in the property [3] — that issue is left for the ancillary proceedings.

Fed. R. Crim. P. 32.2 (*Advisory Committee Notes*).  It is the duty of the jury solely to

determine whether the government has established the requisite nexus between the

property alleged subject to forfeiture and the offense(s) for which the defendant was

found guilty.

Accordingly, it is logical that the jury must answer questions which will allow the

Court to make the appropriate finding.  United States v. Amend, 791 F.2d 1120, 1128

(4th Cir.), cert. denied, 479 U.S. 930 (1986)(appellate court affirms method by which jury

determined forfeitability; jury answered questions whether property acquired through

criminal enterprise but trial court entered order of forfeiture); United States v. L'Hoste,

---

[3]  "Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the
court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial
has become an unnecessary anachronism that leads more often than not to duplication and a waste of
judicial resources."  Fed. R. Crim. P. 32.2(b)(4) (*Advisory Committee Notes*).

**United States' Memorandum of Law Concerning Forfeiture Special Verdict - Page 4**

609 F.2d 796, 813-14 (5th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 833 (1980)(forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).  The government's proposed special verdict is in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury is not advised of the ramifications of its decision- -just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Thus, the portion of the Indictment, entitled "Forfeitures", should not be read to the jury and the term forfeiture should not be mentioned to the jury.  That portion of the Indictment entitled "Forfeitures" is merely the required statutory notice to the defendant that the government seeks to forfeit his property.  Rule 32.2(a) provides as follows:

> (a) **Notice to the Defendant.**  A court shall not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

Fed. R. Crim. P. Rule 32.2(a).  Subdivision (a) is not intended to require that an itemized list of property subject to forfeiture be included in the forfeiture allegations of the indictment or information.  Rather, the rule is intended to put the defendant on notice that the government intends to seek the forfeiture of property in accordance with the applicable statute.  Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes.*

**United States' Memorandum of Law Concerning Forfeiture Special Verdict - Page 5**

### III.  Conclusion

In conclusion, should the defendant request a jury determination of the forfeiture,

after conviction, pursuant to Rule 32.2(b)(4), the government requests that the Court:

(1)     instruct the jury on the issue of forfeiture <u>after</u> the jury has returned a guilty
verdict on any or all of Counts One through Three of the Second
Superceding Indictment;

(2)     provide the jury with a special verdict form as proposed by the
government;

(3)     allow bifurcated argument on the forfeiture issue; and

(4)     allow jury instructions regarding property subject to forfeiture
and burden of proof.

.

Respectfully submitted,

JAMES R. KLINDT
Acting United States Attorney

By:     *s/Adelaide G. Few*
ADELAIDE G. FEW
Assistant United States Attorney
Florida Bar Number 558478
400 N. Tampa Street, Suite 3200
Tampa, Florida 33502
Telephone: (813) 274-6325
Facsimile: (813) 274-6220
E-mail: adelaide.few@usdoj.gov

**United States' Memorandum of Law Concerning Forfeiture Special Verdict - Page 6**

## CERTIFICATE OF SERVIC

I hereby certify that on August 6, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following:

Rachelle DesVaux Bedke
Assistant United States Attorney

Dionja Dyer, Esquire
Federal Public Defender

*s/Adelaide G. Few*
ADELAIDE G. FEW
Assistant United States Attorney

N:\_Criminal Cases\M\Matthews, Samuel_2007R01163_RDB\Asset Forfeiture\Memorandum of Law(childporn)_Matthews.wpd